USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 20, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
   BAO CHENG FU, *et al.*,                            :
                                                      :
                              Plaintiffs,             :
                                                      :    15 Civ. 4549 (KPF)
                  v.                                  :
                                                      :    OPINION AND ORDER
   MEE MAY CORP., *et al.*,                           :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

      Plaintiffs Bao Cheng Fu, Guang Li Zhang, and Zhong Qi Lin (collectively, "Plaintiffs") bring this action against Mee May Corp., doing business as Mee Noodle Shop & Grill ("Mee May"), along with individual Defendants Jiang Qing Chen, Kuang Chi Wu, John (First Name Unknown) Wu, and Doe Defendants #1-10 (collectively, "Defendants"), asserting claims under the Fair Labor Standards Act of 1938, Pub. L. No. 75-718, 52 Stat. 1060 (the "FLSA") (codified as amended at 29 U.S.C. §§ 201-219), and the New York Labor Law, Consol. Laws 1909, ch. 31 (the "NYLL"), for alleged failure to pay appropriate minimum wage and overtime compensation, failure to pay spread of hours compensation, violations of the notice and wage requirements of the NYLL and its associated regulation, failure to reimburse employees for tools of the trade, and, for Plaintiff Lin, wrongful termination.  Plaintiffs now seek an order conditionally certifying a collective action under the FLSA, authorizing Plaintiffs to send notice to prospective collective action members, and requiring production of the

names, addresses, and social security numbers of prospective collective action members.  For the reasons set forth in this Opinion, the motion for conditional certification and pendent requests is denied.

## BACKGROUND[1]

### A.  Factual Background

Defendants operate a restaurant in Manhattan under the name Mee Noodle Shop & Grill.  (Am. Compl. ¶¶ 10-11).  Plaintiffs are current and former delivery workers who were paid a flat weekly rate and who allege that they were not paid minimum wage or overtime compensation in accordance with federal or state law.  (*Id.* at ¶¶ 27, 30, 33, 38; Fu Decl. ¶¶ 3-5; Zhang Decl. ¶¶ 3-5; Lin Decl. ¶¶ 3-4, 7).  Plaintiffs each allege that they worked more than 40 hours per week without being compensated at the required time-and-a-half rate for the excess hours, and that they were not paid an additional hour's pay for work in excess of ten hours per day.  (Fu Decl. ¶¶ 2, 5, 6; Zhang Decl. ¶¶ 2, 5, 6; Lin Decl. ¶¶ 2, 7, 8).  Plaintiffs also claim they were not provided notice of rates of pay or wage statements.  (Fu Decl. ¶¶ 8-9; Zhang Decl. ¶¶ 8-9; Lin Decl. ¶¶ 10-11).  Further, each Plaintiff states that he is aware of other Mee May employees who were "victims of the same wage and hour practices," and collectively, they

---

[1] The facts in this Opinion are drawn from Plaintiffs' Amended Complaint ("Am. Compl." (Dkt. #11)), as well as the declarations submitted by Zhong Qi Lin (Dkt. #20), Guang Li Zhang (Dkt. #21), and Bao Cheng Fu (Dkt. #22), in support of the instant motion. Plaintiffs' declarations are referred to as "[Name] Decl."  For convenience, the parties' briefs are referred to as "Pl. Br." (Dkt. #18), "Def. Opp." (Dkt. #23), and "Pl. Reply" (Dkt. #26).

2

list three other potential class members.  (Fu Decl. ¶ 10; Zhang Decl. ¶ 10; Lin Decl. ¶ 12).

**B.     Procedural Background**

Plaintiffs commenced this action alleging violations of federal and state labor law on June 11, 2015 (Dkt. #1), and filed their First Amended Complaint on August 12, 2015 (Dkt. #11).  Plaintiffs bring claims for failure to pay the applicable minimum wage rates under the FLSA, 29 U.S.C. §§ 206(a), 207(a), and the NYLL, N.Y. Lab. Law § 652; willful violations of the overtime wage provisions of the FLSA, 29 U.S.C. § 207(a)(1), and the NYLL's associated regulations; willful failure to pay an extra hour's pay for each day during which Plaintiffs worked over 10 hours in violation of the NYLL, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a); willful failure to provide wage statements and paystubs as required by the NYLL, N.Y. Lab. Law § 195(3); failure to reimburse for tools of the trade under the FLSA, 29 C.F.R. § 778.217(a); and wrongful termination under the FLSA, 29 U.S.C. § 215, and the NYLL, N.Y. Lab. Law § 215.  (Am. Compl. ¶¶ 73-124).

On October 12, 2015, Plaintiffs filed a motion for the Court to conditionally certify the FLSA collective action and allow notice to current and former employees of Mee May.  (Dkt. #17-22).  Defendants opposed the motion on November 11, 2015 (Dkt. #23-25), and Plaintiffs filed a reply brief on December 6, 2015 (Dkt. #26), concluding briefing on the motion.

## DISCUSSION

**A.   Applicable Law**

Under the FLSA, an individual may file suit against his employer on behalf of himself and "similarly situated" employees.  29 U.S.C. § 216(b). "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'"  *Mark* v. *Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers* v. *Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

"When deciding whether to certify a class under 29 U.S.C. § 216(b), district courts in the Second Circuit apply a two-step process."  *Ruiz* v. *Citibank, N.A.*, 93 F. Supp. 3d 279, 297 (S.D.N.Y. 2015) (quoting *Morano* v. *Intercontinental Capital Grp., Inc.*, No. 10 Civ. 2192 (KBF), 2012 WL 2952893, at *4 (S.D.N.Y. July 17, 2012)), *reconsideration denied*, 2015 WL 4629444 (S.D.N.Y. Aug. 4, 2015).

At the first step, a plaintiff bears the burden of demonstrating that he is "similarly situated" to other members of the proposed collective action.  *See Morales* v. *Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006).  This requires "only a 'modest factual showing' that the plaintiff and potential opt-in plaintiffs 'together were the victims of a common policy or plan that violated the law.'"  *Morano*, 2012 WL 2952893, at *5 (quoting *Hoffman* v. *Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

Even so, "certification is not automatic." *Romero* v. *H.B. Auto Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (internal quotation and citation omitted). This modest showing "must still be based on some substance," *Guillen* v. *Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010), and "[a] plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice." *Reyes* v. *Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015); *see also Mendoza* v. *Casa de Cambio Delgado, Inc.*, No. 07 Civ. 2579 (HB), 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008) (same). "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." *Reyes*, 2015 WL 4622587, at *2.

More precisely, a plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief. There is a "consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587, at *3; *see also Sanchez* v. *JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide *any* detail as

5

to a *single* such observation or conversation.  As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." (emphases in original)).

"In the Second Circuit, courts routinely find employees similarly situated 'despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.'" *Guaman* v. *5 M Corp.*, No. 13 Civ. 3820 (LGS), 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013) (quoting *Summa* v. *Hofstra Univ.*, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010)).  Nonetheless, courts may deny conditional certification where a plaintiff "endeavors to represent an overly broad class" or "includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions." *Mata* v. *Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (internal citation and quotation omitted).

**B.     Analysis**

    **1.     Plaintiffs Seek Conditional Certification of an Overly Broad Class**

Here, all three Plaintiffs assert that they were employed by Mee May as delivery workers (Fu Decl. ¶ 1; Zhang Decl. ¶ 1; Lin Decl. ¶ 1), and they seek conditional certification of a class including "all non-exempt persons employed by Defendants ('Covered Employees') within the last three years" (Pl. Br. 1).[2]  As

---

[2]     At one point in their supporting memorandum, Plaintiffs state that all potential class members "worked as delivery workers for Defendants" (Pl. Br. 4), but this fact is not

6

Plaintiffs further indicate, they "are aware of the following employees who are subject to the same practices by Defendants, and may be interested in joining this suit: 'Senior' (first name unknown) Lin, 'Manyi' (first name unknown) Huang, [and] 'Senior' (first name unknown) Gao."  (Pl. Br. 3).

Defendants counter that Plaintiffs have "failed to put forth *any* specific facts that would sufficiently allege other workers were subjected to a policy of underpayment."  (Def. Br. 1-2 (emphasis in original)).  Specifically, each Plaintiff's Declaration only states that he "know[s] of" approximately three other potential class members based on his "conversations with [his] coworkers" and "knowledge of their working hours and what they were paid."  (Fu Decl. ¶ 10; Zhang Decl. ¶ 10; Lin Decl. ¶ 12).

As Defendants argue, "[t]o the extent Plaintiffs [ ] seek to represent a collective of all 'current and former employees of Mee May," they "have utterly failed to submit sufficient evidence that these other categories of workers have any factual nexus similar to Plaintiffs as delivery workers."  (Def. Opp. 5).  Further, Defendants contend, Plaintiffs' Declarations and papers lack "any specificity as to the wages, hours, and policies that applied to the other employees who allegedly worked for Defendants," and they "do not disclose the

---

repeated at any point in the Amended Complaint or Plaintiffs' Declarations.  In fact, in their reply memorandum, Plaintiffs state that "the prospective plaintiffs were engaged in substantially the same tasks … [i.e.,] restaurant employees, all performing tasks relating to the preparation and serving of food to customers."  (Pl. Reply 10-11).  Thus, the Court understands Plaintiffs to seek conditional certification of a broader class than delivery workers.

7

job titles and/or duties of these potential opt-ins." (*Id.*).  In reply, Plaintiffs dispute that their allegations fall short, reasoning:

> The complaint and the declarations of the named Plaintiff[s] demonstrate that … the prospective plaintiffs were engaged in substantially the same tasks while employed by the Defendants while working in substantially the same environment ([i.e.,] restaurant employees, all performing tasks relating to the preparation and serving of food to customers).  Mee May … is not a multi-branched, multi-national chain restaurant — it is a relatively small organization, and any putative class members would be subject to essentially the same "factual and employment settings" while at Mee May Corp.

(Pl. Reply 11).  However, Plaintiffs' Amended Complaint and individual Declarations do not bear out these facts.  Notably, neither the Amended Complaint nor any Declaration includes the job titles or duties of other employees, including those specifically named as prospective opt-in plaintiffs.  Put simply, Plaintiffs cannot rest on the claim that all potential opt-ins "would be subject to essentially the same 'factual and employment settings,'" when this fact is unsupported by any filing to date.

Had Plaintiffs included a Declaration substantiating the alleged scheme from any current or former employee engaged in a different type of work at Mee May — or had the existing Declarations alleged with particularity the duties, hours, or wages of non-delivery workers — Plaintiffs might clear the "modest factual showing" required by the Second Circuit.  *See Morano*, 2012 WL 2952893, at *3; *see also Yap* v. *Mooncake Foods, Inc.*, No. 13 Civ. 6534 (ER), 2015 WL 7308660, at *8 (S.D.N.Y. Nov. 18, 2015) (denying collective certification of a class broader than delivery workers and chefs where the

8

"complaint and affidavits [did] not contain a single factual allegation specific to other types of employees … such as the specific hours worked by, or the amounts paid to, other employees" (internal quotation omitted)).[3]

Instead, Plaintiffs' broadly defined class presents no "actual evidence of a factual nexus between [them] and the rest of the class [they seek] to represent." *Reyes*, 2015 WL 4622587, at *2. As a result, on the basis of the facts presented, Plaintiffs fail to demonstrate that they were subject to the same alleged wage and hour scheme as non-delivery employees.

### 2. Plaintiffs Offer Insufficient Factual Support Regarding Other Prospective Plaintiffs

Apart from the overbreadth of their proposed collective action, Plaintiffs' factual allegations concerning potential opt-in class members fall short of the detail required for the Court to conditionally certify the class. As Defendants state, "Plaintiffs make the same lone, conclusory allegation in each of their declarations with respect to allegedly similarly situated employees," and they "do not even proffer bare-boned allegations concerning the specific conversations with the three potential opt-ins," only repeating the same "boilerplate language" in each Declaration. (Def. Opp. 4-5).[4] The Court agrees.

---

[3] To be sure, additional declarations are not required under the law, though they might have assisted Plaintiffs in demonstrating that non-delivery workers are similarly situated. *See Ramos* v. *Platt*, No. 13 Civ. 8957 (GHW), 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014) ("[C]ontrary to Defendants' arguments, conditional certification may be granted on the basis of the complaint and the plaintiff's own affidavits."); *see also Hernandez* v. *Bare Burger Dio, Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit.").

[4] Defendants also argue that Plaintiffs fall short by failing to provide declarations from these potential opt-in plaintiffs supporting the allegations. (Def. Br. 5). As noted above,

9

Plaintiffs contend, in reply, that further detail is not necessary, as "the task of the court at the notice stage is not to resolve factual disputes, but merely to determine whether there are sufficient facts to demonstrate that the putative plaintiffs are similarly situated." (Pl. Reply 7-8). The Court agrees that conditional certification has, at base, a "remedial purpose" intended to rectify the parties' information disparity. *See, e.g., Mata*, 2015 WL 3457293, at \*4. Nevertheless, Plaintiff's factual assertions do not "provide [the] minimum level of detail regarding the contents of [the] conversations or observations" as required in this District. *Reyes*, 2015 WL 4622587, at \*3. Because Plaintiffs "provide[] no factual support demonstrating knowledge of a common scheme impacting the diverse array of employees" referenced in the Amended Complaint, *Mata*, 2015 WL 3457293, at \*3, their motion for conditional certification must fail.

---

such declarations are not required; had Plaintiffs proffered adequate factual support regarding other employees, the existing Declarations might have sufficed. *See, e.g., Khamsiri* v. *George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507, at \*1 (S.D.N.Y. June 1, 2012) (allowing conditional certification on the basis of a single employee's declaration).

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for conditional certification of the FLSA collective action is DENIED.  The parties are directed to appear before the Court for a status conference on **Friday, May 6, 2016, at 10:30 a.m.** in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007.

The Clerk of Court is directed to terminate Docket Entry 17.

SO ORDERED.

Dated:	April 20, 2016
	New York, New York

_____
	KATHERINE POLK FAILLA
	United States District Judge