UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAO CHENG FU, GUANG LI ZHANG, ZHONG QI LIN, INDIVIDUALLY AND ON BEHALF OF ALL OHER EMPLOYEES SIMILARLY SITUATED,

                        Plaintiffs,

-against-

MEE MAY CORP. d/b/a MEE NOODLE SHOP & GRILL, JIANG QING CHEN, KUANG CHI WU, JOHN (First Name Unknown) WU, John Doe and Jane Doe # 1-10,

                        Defendants.

Case No.: 15-cv-04549-KPF

---

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Mee May Corp., Jiang Qing Chen, and Wu Kuang Chi[1] (collectively "Defendants") and Bao Cheng Fu, Guang Li Zhang, and Zhong Qi Lin (collectively "Plaintiffs"), each a "party" and collectively "parties," desiring to settle all matters between them, hereby agree as follows:

**WHEREAS**, the instant United States District Court, Southern District of New York action, Case No. 15-cv-04549 (the "Litigation"), was originally filed on June 11, 2015 by Plaintiffs against Defendants, alleging violations of minimum wage, overtime compensation, spread of hours, notice requirements, reimbursements of expenses, and liquidated damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, an answer was filed by Defendants on August 21, 2015;

**WHEREAS**, Defendants do not concede liability or any other aspect of Plaintiffs' allegations, including but not limited to, Plaintiffs' duration of employment; FLSA and NYLL claims of failure to pay minimum wages and overtime wages; NYLL claims of spread of hours; and FLSA and NYLL claims concerning the failure to post notices and to maintain accurate records; and in fact denies such allegations in its entirety;

**WHEREAS**, the parties have determined it to be in their mutual interests to settle any and all claims or other matters between them and to dismiss the Litigation with prejudice;

---

[1] Defendant Wu Kuang Chi's legal name is incorrectly sued as "Kuang Chi Wu" in this action. His first name is Wu Kuang and his last name is Chi.

1

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. **Consideration**.

1.1  In consideration for Plaintiffs signing this Agreement and in full satisfaction of all claims that Plaintiffs may have against Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, employees, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Defendants agree to pay to Plaintiffs upon the full execution of this Settlement Agreement, the total sum of **Twenty Four Thousand Dollars and No Cents ($24,000.00)** ("the Settlement Sum"). Such payment shall be sent to Plaintiffs' counsel, Hang & Associates, PLLC, 136-18 39th Avenue, Suite 1003, Flushing, New York 11354, and the checks shall be payable as follows on or before the date indicated below. However, it is understood that, if the Court has not approved this Settlement Agreement by the payment date listed below, Plaintiffs' counsel shall hold the checks in escrow and not deposit the checks until such Court approval is granted. If the Court does not approve this Settlement Agreement, Plaintiffs' counsel is to immediately return the Settlement Sum that Plaintiffs' counsel has already received as part of this Settlement Agreement.

  (i)  Upon the full execution of this Settlement Agreement (sum of twenty-four thousand dollars and no cents ($24,000.00)):
   1. One check payable to Bao Cheng Fu in the amount of $2,500;
   2. One check payable to Guang Li Zhang in the amount of $3,500;
   3. One check payable to Zhong Qi Lin in the amount of $8,000; and
   4. One check payable to Hang & Associates, PLLC in the amount of $10,000.

1.2  Should Defendants fail to make payment to Plaintiffs as stated in Paragraph 1.1, Plaintiffs are to immediately notify Defendants by email of the default (notice deemed completed upon sending via: (1) email to benjaminxue@xuelaw.com and kevinyam@xuelaw.com and (2) certified mail to Xue & Associates, P.C., 1001 Avenue of the Americas, 11th Floor, New York, NY 10018), but failure to immediately notify Defendants shall not be construed as a waiver of the right to do so. Defendants shall have five (5) calendar days after the notification is sent to remit payment to Plaintiffs.

1.3  Upon the full execution of this Settlement Agreement, Plaintiffs or Defendants shall file with the Court the Stipulation of Voluntary Dismissal with Prejudice attached herewith as **Exhibit "A"**.

2. **No Consideration Absent Plaintiffs' Material Representations and Promises**. Plaintiffs understand and agree that Plaintiffs would not receive the Settlement Amounts specified in Paragraph 1.1 above, except for the representations and promises made by Plaintiffs in this Agreement.

2

3.    **Release of Claims to Be Brought in Class or Collective Action.** Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasees identified in this Agreement is a party.

4.    **Affirmations.** Plaintiffs affirm that they have not filed, caused to be filed, or are presently a party to any claim, complaint, or action against Defendants in any forum or form.

Except as may be required by law, Plaintiffs shall not, in any way, voluntarily assist any individual or entity in commencing or prosecuting any action or proceeding against Defendants, including, but not limited to, any administrative agency claims, charges or complaints, and/or any lawsuits, counterclaims, cross claims, arbitral claims or other claims, or in any way voluntarily participate or cooperate in any such action or proceeding. This prohibition applies to every stage of any action or proceeding, including any trial, hearing, pretrial or prehearing preparation, pre-litigation investigation or fact gathering, administrative agency procedure or arbitral procedure, and bars Plaintiffs from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntary assistance to any person or entity who wishes to make or who is making any claim against Defendants. In the event any such proceeding is instituted, Plaintiffs shall not seek or accept any monies, award or recovery therefrom.

Plaintiffs also affirm Plaintiffs, following the payments set forth in Paragraph 1.1, have been paid or have received all compensation, wages, bonuses, commissions, and/or benefits to which Plaintiffs were or may be entitled or believe to be owed by Defendants to Plaintiffs.

Plaintiffs further affirm that Plaintiffs have no known workplace injuries or occupational diseases.

Plaintiffs also affirm that Plaintiffs have not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with common law.

Plaintiffs affirm that they have returned all of Defendants' property, documents, and/or any confidential information in Plaintiffs' possession or control.

Plaintiffs further affirm that they have not been retaliated against for reporting any allegations of wrongdoing by Defendants or its officers, including any allegations of corporate fraud. All parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

Plaintiffs acknowledge that because of circumstances unique to Plaintiffs including but not limited to, irreconcilable differences with Defendants, Plaintiffs are ineligible pursuant to this

Agreement to hold any positions with Defendants or its affiliated entities or businesses now or in the future and shall not apply in the future for employment with Defendants. Further, Plaintiffs agree that if Defendants inadvertently hire Plaintiffs, Defendants may terminate Plaintiffs' employment immediately. This is a negotiated provision of this Agreement and is not evidence of retaliation.

5. **Indemnification and Tax Consequences.** Defendants may issue tax form 1099 with Box 3 checked as may be required by law. Plaintiffs shall be solely responsible for the payment of all taxes, interests, penalties and other liabilities or costs that may be assessed in connection with the settlement sums set forth in Paragraph 1.1 above. Plaintiffs further agree to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described in Paragraph 1.1 above. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

6. **Non-Disparagement.** Plaintiffs agree not to defame, disparage, or demean Defendants in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of Defendants, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Should Plaintiffs breach this non-disparagement provision and Defendants are required to institute legal proceedings to enforce any of the provisions of this Paragraph, Plaintiffs agree to pay Defendants' reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by Defendants in a court of competent jurisdiction and Defendants is the prevailing party.

Defendants agree not to defame, disparage, or demean Plaintiffs in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of Plaintiffs, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Should Defendants breach this non-disparagement provision and Plaintiffs are required to institute legal proceedings to enforce any of the provisions of this Paragraph, Defendants agree to pay Plaintiffs' reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by Plaintiffs in a court of competent jurisdiction and Plaintiffs is the prevailing party.

7. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the

4

parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

      10.    **Counterparts and Facsimile Signatures.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

      11.    **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the general release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

**[This space below is intentionally left blank.  Signature page follows.]**

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFFS AGREE THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

PLAINTIFFS, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, HANG & ASSOCIATES, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAVE, OR MIGHT HAVE AGAINST DEFENDANTS.

_____  Dated: _____
Bao Cheng Fu

_____  Dated: _____
Guang Li Zhang

_____  Dated: _____
Zhong Qi Lin

*/s/*  Dated: 7/6/16
Mee May Corp., by *Jiang Qing Chen*
an authorized Officer or Director

*/s/*  Dated: 7/6/16
Jiang Qing Chen

*/s/*  Dated: 7/6/16
Wu Kuang Chi

6

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFFS AGREE THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

PLAINTIFFS, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR ATTORNEYS, HANG & ASSOCIATES, PLLC, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAVE, OR MIGHT HAVE AGAINST DEFENDANTS.

_Bao cheng Fu_  Dated: 7/7/16
**Bao Cheng Fu**

_GUANGLI ZHANG_  Dated: 7/7/16
**Guang Li Zhang**

_Zhong Qi Lin_  Dated: 7/8/16
**Zhong Qi Lin**

_[signature]_  Dated: 7/6/16
Mee May Corp., by _Jiang Qing Chen_
an authorized Officer or Director

_[signature]_  Dated: 7/6/16
**Jiang Qing Chen**

_[signature]_  Dated: 7/6/16
**Wu Kuang Chi**

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAO CHENG FU, GUANG LI ZHANG,
ZHONG QI LIN, INDIVIDUALLY AND ON
BEHALF OF ALL OHER EMPLOYEES
SIMILARLY SITUATED,

                Plaintiff,

-against-

MEE MAY CORP. d/b/a MEE NOODLE SHOP
& GRILL, JIANG QING CHEN, KUANG CHI
WU, JOHN (First Name Unknown) WU, John
Doe and Jane Doe # 1-10,

                Defendants.

---

Case No.: 15-cv-04549-KPF

**STIPULATION OF VOLUNTARY
DISMISSAL WITH PREJUDICE**

    **WHEREAS**, Plaintiffs contend that Defendants did not compensate them properly under the federal (FLSA) and state (NYLL) wage laws;

    **WHEREAS**, Defendants vehemently deny all allegations of wrongdoing made by Plaintiffs;

    **WHEREAS**, the parties have resolved this matter in its entirety;

    **WHEREAS**, the Court approves of the parties' resolution of this case without further litigation;

    **WHEREAS**, the United States District Court for the Southern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that Plaintiffs' Complaint and any and all claims that were or could have been asserted in this action are hereby discontinued and

dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

Date: ~~June~~ July 6, 2016        Date: ~~June~~ July 15, 2016

**Hang & Associates, PLLC**
*Attorneys for Plaintiffs Bao Cheng Fu, Guang Li Zhang, and Zhong Qi Lin*

_____
Jian Hang, Esq.
Marisol Santos, Esq.
136-18 39th Avenue, Suite 1003
Flushing, NY 11354
Tel.: (718) 353-8588

**Xue & Associates, P.C.**
*Attorneys for Defendants Mee May Corp., Jiang Qing Chen, and Wu Kuang Chi*

_____
Benjamin B. Xue, Esq.
Kevin K. Yam, Esq.
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel.: (212) 219-2275

**SO ORDERED:**