```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BAO CHENG FU, GUANG LI ZHANG         :
and ZHONG QI LIN,
                                     :
                  Plaintiffs,            15 Civ. 4549 (HBP)
                                     :
     -against-                           OPINION
                                     :   AND ORDER
MEE MAY CORP., JIANG QING CHEN
KUANG CHU WU, JANE DOE #1-10,        :
JOHN DOE #1-10 and JOHN WU,
                                     :
                  Defendants.
                                     :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/16

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the parties' settlement (Docket Items 54 & 55). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action brought by three individuals who formerly performed delivery work at a small Chinese restaurant in Manhattan and seeks allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiffs also assert claims based on defendants' alleged failure to maintain certain payroll records, to provide certain notices as required by the Labor Law and to

reimburse plaintiffs for the cost of bicycles that plaintiffs used to make deliveries.

The parties advise that plaintiffs' unpaid wages, exclusive of liquidated damages and, apparently, exclusive of damages for the Labor Law claims, total $35,425.16. The parties have not explained what each plaintiff's pro rata share of this damages figure is. The proposed settlement calls for the defendants to pay a total of $24,000.00 in full and final satisfaction of plaintiffs' claims. The proposed settlement further provides that $3,000.00 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $7,000 (or one-third) of the remaining $21,000.00 will be paid to plaintiffs' counsel as fees and the remaining $14,000.00 will be divided among the plaintiffs as follows:

Bao Cheng Fu         $2,500.00
Guang Li Zhang       $3,500.00
Zhong Qi Lin         $8,000.00

The parties reached their proposed settlement before the settlement conference that I had scheduled in this matter, and therefore, my knowledge of the underlying facts and the justification for the settlement is limited to counsels' representations in the letters submitted in support of the settlement. Plaintiffs advise that when they were employed by defendants,

2

they received a fixed weekly sum, regardless of the hours they worked. They further claim that this fixed weekly sum was less than the minimum wage and overtime premium required by law. Plaintiffs have not provided any information regarding how many hours they worked, how much they were paid, whether they were paid in cash or by check nor have they provided any information concerning the unreimbursed expenses they incurred in purchasing equipment necessary to do their jobs. Defendants advise that they maintained wage and hour documents, including time cards and pay records; samples of these records have not been provided to me. Defendants also claim that they provided plaintiffs with proper notice of the tip credit and were, therefore, entitled to pay a reduced hourly wage; a copy of the notice has not been provided to me. Finally, defendants also claim that plaintiffs' allegations concerning the number of hours they worked is inflated.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

3

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

In Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bar-

4

> gaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Inner quotations and citations omitted).

The parties have not submitted sufficient information to enable me to determine whether the proposed settlement is fair and reasonable. Even before deduction for costs and attorney's fees, the settlement does not even cover plaintiffs' claimed unpaid wages, nor does it cover the statutory damages that would result from plaintiffs' notice claims. The parties have also failed to explain the basis for the allocation of the settlement proceeds. Counsel advises that plaintiff Fu worked for defendants one and one-half years while Zhang and Lin worked for defendants for four and five months, respectively. Because Fu had the longest tenure with defendants, if defendants did have the policy of underpaying employees that plaintiffs allege, Fu should be receiving the largest share of the settlement proceeds because he would have been subject to defendants' allegedly illegal practices the longest. Yet, Fu is receiving the smallest share of the settlement proceeds. Lin, who worked for defendants for five months, or less than one-third of Fu's tenure, will receive more than three times Fu's share. There may be a good explanation for these apparent disparities, but the parties' submission does not provide one.

5

I appreciate that modest settlements are sometimes appropriate in FLSA/Labor Law actions where there are substantial issues with the strength of plaintiffs' claims or there are serious issues with respect to defendants' liquidity and ability to pay a larger amount. However, neither of these explanations have been offered here.

Accordingly, the parties' application to approve the proposed settlement in this matter is denied without prejudice. Any renewed application should address the factors identified by Judge Furman in Wolinsky, the amount of damages claimed by each plaintiff and the basis therefore and an explanation for the allocation of the settlement amount.

Dated: New York, New York
November 14, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel