```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

BAO CHENG FU, GUANG LI ZHANG           :
and ZHONG QI LIN,
                                       :   15 Civ. 4549 (HBP)
              Plaintiffs,
                                       :   OPINION
     -against-                             AND ORDER
                                       :
MEE MAY CORP., JIANG QING CHEN,
KUANG CHI WU, JANE DOE #1-10,          :
JOHN DOE #1-10 and JOHN WU,
                                       :
              Defendants.
                                       :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the parties' settlement (Docket Item ("D.I.") 55). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action brought by three individuals who formerly made deliveries at a small Chinese restaurant in Manhattan and seeks allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiffs also assert claims based on defendants' alleged failure to maintain certain payroll records, to provide certain notices as required by the Labor Law and to

reimburse plaintiffs for the cost of bicycles that plaintiffs used to make deliveries.

The parties reached their proposed settlement prior to the settlement conference that I had scheduled in this matter, and therefore, my knowledge of the underlying facts and the justification for the settlement is limited to counsels' representations in the letters submitted in support of the settlement. Plaintiffs advise that when they were employed by defendants, they received a fixed weekly wage, regardless of the hours they actually worked. They further claim that this fixed weekly wage was less than the minimum wage and overtime premium required by law. Defendants claim that they maintained wage and hour documents, including time cards and pay records. Defendants also claim that they provided plaintiffs with proper notice of the tip credit and were, therefore, entitled to pay a reduced hourly rate. Finally, defendants also claim that plaintiffs' allegations concerning the number of hours they worked are inflated.

The parties have agreed to a total settlement of $24,000.00. The parties have also agreed that $3,000.00 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $7,000 (or one-third) of the remaining $21,000.00 will be paid to plaintiffs' counsel as fees and the remaining $14,000.00 will be divided among plain-

tiffs. The amounts claimed by each of the plaintiffs[1] and the net amount that will be received by each plaintiff after deduction for legal fees and costs are as follows:

| Plaintiff | Amount Claimed | Net Allocable Share |
|---|---|---|
| Bao Cheng Fu | $19,255.00 | $2,500.00 |
| Guang Li Zhang | $9,673.16 | $8,000.00 |
| Zhong Qi Lin | $6,497.00 | $3,500.00 |

I previously refused to approve the settlement agreement because the parties did not provide sufficient information to enable me to determine whether the proposed settlement was fair and reasonable (D.I. 60). Specifically, the parties failed to state the damages claimed by each plaintiff, and the basis for each claimed amount, and an explanation of the allocation of the settlement amount.[2]

The parties have submitted a renewed application for settlement approval (Letter from Jian Hang, Esq., to the undersigned, dated Dec. 22, 2016 (D.I. 61) ("Hang Letter")). In accordance with my previous Opinion and Order, counsel has

---

[1] The amounts claimed are the allegedly unpaid wages, exclusive of liquidated damages and exclusive of damages for the Labor Law notice claims.

[2] Specifically, I expressed a concern about Fu's share of the settlement amount, especially as compared to Lin's share.
3

provided each plaintiff's amount of allegedly unpaid wages, dates worked and weekly pay (and the fact that it was in cash), the number of hours Fu worked each week and an explanation for the allocation of the settlement amount. However, upon further review of the proposed settlement, several significant problems remain.

First, again the parties have not provided me sufficient information to allow me to determine whether the proposed settlement is fair and reasonable. Counsel failed to provide the number of hours Lin claims to have worked each week.[3] Thus, I have no way to assess the basis for his claim for unpaid wages.

Second, the allocation of the settlement proceeds is unsatisfactory. As an explanation for the allocation, counsel states that Lin and Zhang settled their claims privately, without the involvement of counsel. Additionally, Fu will also be receiving $6,256.00 as part of a settlement with defendant Chen in a different FLSA action with nearly identical allegations, Mao v. Mee Chi Corp., 15 Civ. 1799 (S.D.N.Y.). Finally, counsel claims that there are issues with respect to defendants' liquid-

---

[3]Although counsel also failed to provide the number of hours Zhang worked each week, this information can be found in the amended complaint (First Amended Collective and Class Action Complaint and Jury Trial Demand, dated Aug. 7, 2015 (D.I. 11) ¶ 29). The number of hours Lin worked does not appear in the amended complaint.

4

ity and ability to pay a larger amount (Hang Letter, at 2). However, a settlement in a different matter involving a different employer has no bearing on the settlement here. If an individual has two employers, both of whom failed to pay the minimum wage, a generous settlement from one employer cannot justify a meager settlement from the other. Moreover, even if the two settlements are combined, Fu's total recovery would be $8,756.00, or 45% of his claim. Zhang, on the other hand, is receiving approximately 83% of his claimed unpaid wages. Although I recognize that Zhang is receiving $8,000.00 only because of private negotiations and that there may be issues with defendants' liquidity, this unjustified, disparate allocation to Fu is not acceptable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).

Third, the settlement agreement contains a provision prohibiting plaintiffs from cooperating in any action or proceeding against defendants. Specifically, it provides that plaintiffs

> shall not, in any way, voluntarily assist any individual or entity in commencing or prosecuting any action or proceeding against Defendants . . . or in any way voluntarily participate or cooperate in any such action or proceeding. This prohibition applies to every stage of any action or proceeding, including any trial, hearing, pretrial or prehearing preparation, pre-litigation investigation or fact gathering, administrative agency procedure or arbitral procedure, and bars Plain-

5

> tiffs from voluntarily testifying, providing documents
> or information, advising, counseling or providing any
> other form of voluntary assistance to any person or
> entity who wishes to make or is making any claim again-
> st Defendants.

(Letter from Marisol Santos, Esq., to the undersigned, dated July 20, 2016 (D.I. 55) ("Santos Letter"), Ex. 1 ¶ 4). Such a provision in an FLSA settlement is contrary to the remedial purposes of the statute. See Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016); Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.); Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 3646663 at *1 (E.D.N.Y. June 10, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (Kaplan, D.J.).

Fourth, the settlement agreement contains a broad, mutual non-disparagement clause. A non-disparagement clause in an FLSA settlement "must include a carve-out for truthful statements about plaintiffs' experience litigating their case." Lopez v. Nights of Cabiria, LLC, supra, 96 F. Supp. 3d at 180 n.65; accord Weng v. T&W Rest., Inc., 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.); see Lopez v. Ploy Dee, Inc., supra, 2016 WL 1626631 at *3.

Fifth, the settlement agreement contains a general release. It provides that plaintiffs "enter into this agreement

6

intending to waive, settle, and release all claims plaintiff had, have, or might have against defendants" (Santos Letter, Ex. 1, at 6). The agreement also provides that plaintiffs "waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim" in which defendants or other releasees are a party (Santos Letter, Ex. 1 ¶ 3). Numerous judges in this Circuit have rejected general releases in FLSA settlement agreements that are not limited to wage-and-hour issues. See Leon-Martinez v. Central Café & Deli, 15 Civ. 7942 (HBP), 2016 WL 7839187 at *1 (S.D.N.Y. Dec. 19, 2016) (Pitman, M.J.) (collecting cases); Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 343-45 (S.D.N.Y. 2016) (Moses, M.J.); see also Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.) (approving "broad" release because it was limited to "'conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. §[§] 201 et seq. and New York Labor Law, and its governing regulations'").

Sixth, the settlement agreement bars plaintiffs from ever working for defendants or its affiliated entities or businesses (Santos Letter, Ex. 1 ¶ 4). Even if the parties have

7

"irreconcilable differences," as they claim (Santos Letter, Ex. 1 ¶ 4), a provision limiting plaintiffs' employment opportunities is unacceptable. Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.). Such a provision is in direct conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 207.[4]

Accordingly, within 30 days of the date of this Order, the parties are to provide the information sought and a revised settlement agreement that eliminates the foregoing issues.

Dated:  New York, New York
        March 31, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

---

[4] I recognize that I did not address most of these issues when the parties first sought approval of their settlement agreement. However, "[w]isdom too often never comes, and so one ought not to reject it merely because it comes too late." Henslee v. Union Planters Nat'l Bank & Tr. Co., 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting).