UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

BAO CHENG FU, GUANG LI ZHANG
and ZHONG QI LIN,

                Plaintiffs,

   -against-

MEE MAY CORP., d/b/a MEE NOODLE
SHOP & GRILL, JIANG QING CHEN,
KUANG CHI WU, JOHN WU (first
name unknown), JOHN DOE and
JANE DOE #1-10,

                Defendants.

-----------------------------------X

15 Civ. 4549 (HBP)

OPINION
AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/17

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve the their second amended settlement agreement (Docket Item ("D.I.") 65). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       This is an action brought by three individuals who formerly made deliveries at a small Chinese restaurant in Manhattan and seeks allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiffs also assert claims based on defendants' alleged failure to maintain certain payroll records,

to provide certain notices as required by the Labor Law and to reimburse plaintiffs for the cost of bicycles that plaintiffs used to make deliveries.

As discussed in an Opinion & Order dated October 18, 2017 (D.I. 64), the parties first sought approval of the settlement agreement in July of 2016, (see Settlement Agreement and General Release, attached as Ex. 1 to Letter from Marisol Santos, Esq., to the undersigned, dated July 20, 2016 (D.I. 55)),[1] and submitted an amendment to the settlement agreement in September 2017 (see Amendment of Settlement Agreement and Release Pursuant to Section 8 of the Agreement, attached as Ex. 1 to Letter from Jian Hang, Esq., to the undersigned, dated Sept. 25, 2017 (D.I. 63)). As discussed in the October 18, 2017 Opinion & Order, the factors governing the review of FLSA settlement agreements favored approval of the amended settlement agreement, with one exception: the amended settlement agreement contained a general release by which plaintiffs released defendants from claims that were not related to wage-and-hour claims (see Opinion & Order,

---

[1] In Opinions and Orders dated November 14, 2016 and March 31, 2017, I refused to approve the settlement agreement because the parties did not provide sufficient information to enable me to determine whether the proposed settlement was fair and reasonable and because the parties included various provisions that were inconsistent with the principles set forth in the relevant case law (Opinion & Order, dated Nov. 14, 2016 (D.I. 60); Opinion & Order, dated Mar. 31, 2017 (D.I. 62)).

dated Oct. 18, 2017 (D.I. 64) at 6-10). Thus, I afforded the parties another opportunity to amend the settlement agreement and submit it for approval.

In the second amendment to the settlement agreement, the parties have amended the general release to state that plaintiffs "enter into this agreement intending to waive, settle, and release all *wage-and-hour claims arising from the events as alleged in the Litigation* [sic] plaintiffs had, have, or might have against defendants" (Second Amendment of Settlement Agreement and Release Pursuant to Section 8 of the Agreement, dated Oct. 20, 2017 (D.I. 65) (emphasis in original)). The amended release is permissible because it is limited to the wage-and-hour claims at issue in this litigation. See Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.); Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

Thus, because all of the other factors favor approval of the settlement (as explained in my October 18, 2017 Opinion & Order), I approve the settlement in this matter, as amended on

3

September 25, 2017 and October 20, 2017. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
October 24, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel